UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON D. THOMPSON,

        Petitioner,                       Case No. 1:22-cv-12935

v.

                                        Honorable Thomas L. Ludington
ADAM DOUGLAS,                       United States District Judge

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ABEY HABEAS CORPUS PETITION, STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES, AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Aaron D. Thompson, a state prisoner at the Saginaw Correctional Facility in Saginaw, Michigan, filed pro se a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Six months later, Respondent filed an Answer, ECF No. 5, and the Rule 5 Materials, ECF No. 8. In response, Petitioner filed a Motion to Stay Proceedings and Hold Petition in Abeyance pending his exhaustion of state-court remedies. ECF No. 9. As explained below, Petitioner's Motion will be granted, his case will be stayed, and his Habeas Petition will be held in abeyance pending his exhaustion of state-court remedies.

**I.**

In September 2019, Petitioner Aaron D. Thompson was sentenced to concurrent terms of ten to 20 years' imprisonment for first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b; and three to 15 years' imprisonment for second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c, after a Wayne County Circuit Court jury found him guilty on each count. ECF Nos. 8-8 at PageID.698–703; 8-9 at PageID.737.

Three years later, Petitioner filed a Petition for Writ of Habeas Corpus challenging his conviction and sentence on grounds of prosecutorial misconduct and erroneous sentencing guidelines. ECF No. 1 at PageID.5–7.

Respondent filed an Answer in June 2023, alleging that both claims were procedurally defaulted because Petitioner's counsel did not adequately preserve the issues during trial. ECF No. 7 at PageID.61, 68. In lieu of a reply, Petitioner filed a Motion to Stay and Hold in Abeyance. ECF No. 9. He asserts that his trial counsel was ineffective for not preserving his underlying claims and that his appellate counsel was ineffective for not raising a claim against trial counsel on direct appeal. *Id* at PageID.985–86. Accordingly, he seeks to stay further proceedings so he can return to state court to raise these new arguments as substantive grounds for relief. *Id.* at PageID.986.

## II.

State prisoners must give the state courts an opportunity to act on their claims before they present those claims to a federal court in a habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). As relevant here, Michigan state prisoners must fairly present the factual and legal basis for their claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising the claims in a federal habeas petition. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

The Antiterrorism and Effective Death Penalty Act of 1996, however, established a one-year statute of limitations for habeas petitions filed under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court addressed the interplay between the exhaustion requirement and the one-year statute of limitations. To resolve the problem, the *Rhines* Court approved a "stay and abeyance" procedure, which allows a federal

district court to stay a habeas case and to hold the habeas petition in abeyance while the petitioner returns to state court to pursue state remedies for previously unexhausted claims. *See id*. at 275. Under that procedure, "[o]nce the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. The *Rhines* Court elaborated that this "stay and abeyance" procedure is available only in "limited circumstances," such as when "there was good cause for the petitioner's failure to exhaust his claims first in state court," the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277–78.

### III.

A stay is warranted here because it will enable Petitioner to exhaust his state court remedies for his new and unexhausted ineffective-assistance-of-counsel claims without fear of violating the statute of limitations. *See id.*

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. And Petitioner asserts that he did not previously raise his unexhausted claims in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419, *see also* ECF No. 9 at PageID.985–87. Petitioner also has good cause for failing to allege ineffective assistance of appellate counsel earlier because state postconviction review was his first opportunity to raise it in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d at 291.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, this Court will impose time limits for Petitioner to proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court in a

post-conviction motion for relief from judgment with the state trial court within 60 days of this Order. *See id.* Petitioner must also ask this Court to lift the stay within 60 days of exhausting his state-court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

## IV.

Accordingly, it is **ORDERED** that Petitioner's Motion for Stay and Abeyance, ECF No. 8, is **GRANTED**.

Further it is **ORDERED** that this Case is **ADMINISTRATIVELY STAYED** until Petitioner exhausts his state-court remedies, or until further order of this Court.

Further, it is **ORDERED** that Petitioner is **PERMITTED** to file a motion for relief from judgment in the state courts **on or before December 26, 2023**. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, then Petitioner's Habeas Petition, ECF No. 1, will be dismissed without prejudice. If Petitioner files a motion for relief from judgment in state court, then he must notify this Court that he did so. If so, then the case will be held in abeyance pending exhaustion of Petitioner's claims. If not, then the present Petition will be dismissed without prejudice.

Further, it is **ORDERED** that Petitioner is **DIRECTED** to refile his habeas petition within 60 days after the conclusion of state-court postconviction proceedings. If so, then he may file an amended habeas petition that contains any newly exhausted claims. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Further, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to

**ADMINISTRATIVELY CLOSE** this case for statistical purposes only. Nothing in this Opinion and Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

Further, it is **ORDERED** that, upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, this Court may order the Clerk to reopen this case for statistical purposes.

Dated: October 24, 2023                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge